jackson v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-198-CR

CHARLES ALFRED JACKSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Charles Alfred Jackson of aggravated sexual assault of a child under fourteen and indecency with a child by contact and sentenced him to sixty years’ and twenty years’ confinement respectively, to be served concurrently.  Appellant brings a single point on appeal, contending that the trial court reversibly erred in admitting Complainant’s statement made to the sexual assault nurse examiner at the hospital.  Because Appellant failed to preserve his claim for review, we affirm the trial court’s judgment.

When Arceceli Desmaris, a sexual assault nurse examiner for Cook Children’s Medical Center, testified, the prosecutor asked what Complainant had told her.  Appellant objected that a response would be hearsay, and the trial court overruled his objection.  Appellant did not request a running objection.  The prosecutor then asked additional questions about the conversation, and Appellant failed to renew his objection to the testimony. 

To preserve a claim of improperly admitted evidence for review, the complaining party must have timely objected each and every time the complained-of evidence was offered.
(footnote: 2)  This requirement may be satisfied by requesting and being granted a running objection and ruling by the court.
(footnote: 3)  Because Appellant failed to object each time the complained-of testimony was 

offered to the jury, he has preserved nothing for review.  We overrule Appellant’s sole point on appeal and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

T
ex. 
R. A
pp. 
P. 47.2(b) 

[DELIVERED MARCH 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Ethington v. State
, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); 
Beheler v. State
, 3 S.W.3d 182, 187 (Tex. App.—Fort Worth 1999, pet. ref’d); 
see
 T
ex. 
R. E
vid. 103(
a)(1). 

3:
Ethington
, 819 S.W.2d at 858; 
Beheler
, 3 S.W.3d at 187.